UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CHARLES E. SMITH,

    Plaintiff,

V.

HON. JEFFREY T. BURDETTE,

    Defendant.

Civil Action No. 5: 17-496-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Charles E. Smith is an inmate at the Little Sandy Correctional Complex, located in Sandy Hook, Kentucky. Proceeding without an attorney, Smith has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendant Judge Jeffrey T. Burdette, Circuit Court Judge in Lincoln County, Kentucky. [R. 1].

The Court must conduct a preliminary review of Smith's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Smith's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Although Smith's allegations are not entirely clear, in a motion submitted in support of his complaint [R. 8], Smith states that, on September 26, 2008, Smith and five co-defendants were

indicted by a grand jury in Lincoln County, Kentucky on two counts of murder, two counts of attempted murder, two counts of robbery in the first degree and first degree burglary. [R. 8 at p. 3] Smith states that he pled guilty on July 13, 2009 and was sentenced to a 20-year term of imprisonment on September 3, 2009. [*Id*. at p. 4] He states that he filed a motion to vacate his conviction pursuant to the Kentucky Rules of Criminal Procedure on September 9, 2011, which was denied on January 31, 2012. [*Id*.] His subsequent attempts to obtain relief from his sentence in state court have also been denied. [*Id.*]

In his Complaint filed in this case, he names Lincoln County Circuit Court Judge Jeffrey T. Burdette, the judge presiding over his state criminal case, as the only Defendant. His allegations include claims regarding the propriety of the indictment against Smith in his underlying criminal trial, as well as alleged errors made by Judge Burdette in ruling on Smith's post-conviction motions for relief. Smith also alleges that he was misled by his defense counsel and suggests that Judge Burdette ruled against Smith in his post-conviction motions for relief because of Judge Burdette's personal bias in favor of Smith's defense attorney. [R. 1 at p. 2-3]. Based on these allegations, Smith alleges violations of his Sixth Amendment right to a fair trial, Eighth Amendment right to be free from cruel and unusual punishment, and Fourteenth Amendment rights to Equal Protection and Due Process. [*Id*. at p. 4]. As relief, Smith seeks to have this Court order that a grand jury be re-seated to consider Smith's "true involvement that should have been reflected in my own case scenario of events" or, in the alternative, to amend his sentence to reflect his "true involvement" or to order a new trial.

A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, but it has no authority to create

2

arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Applying these standards, the Court must dismiss Smith's complaint for failure to state a claim.

First, to the extent that Smith's civil complaint seeks an earlier or immediate release from physical custody, his only remedy is to seek a writ of habeas corpus; he may not use a civil action to directly or indirectly undermine or impugn the validity of his criminal conviction. A habeas corpus proceeding is the only mechanism available for him to do so. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

In addition, to the extent that Smith's Complaint seeks to assert civil rights claims against Judge Burdette based on decisions and rulings made during the course of Smith's state criminal trial, such claims are barred by judicial immunity. Judges have long been entitled to absolute judicial immunity from tort claims arising out of their performance of functions integral to the judicial process. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Indeed, "judicial immunity is not overcome by allegations of bad faith or malice..." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Here, Judge Burdette's alleged conduct – presiding over Smith's criminal trial and ruling on Smith's motions for post-conviction relief – falls squarely within his role as a judge in the criminal prosecution. *See Huffer v. Bogen*, 503 F. App'x 455, 459 (6th Cir. 2012)("[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.")(quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Thus, Judge Burdette is entitled to absolute judicial immunity against Smith's claims and Smith's Complaint will be dismissed with prejudice.

Accordingly, it is hereby **ORDERED** as follows:

1. Smith's Complaint [R. 1] is **DISMISSED** with prejudice.

2. All pending requests for relief, including Smith's petition pursuant to 42 U.S.C. § 1983 [R. 8], are **DENIED AS MOOT**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the Court's docket.

Dated May 22, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY